IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

PHILLIP DEWAYNE STEWART                                              PLAINTIFF

v.                          Cause  No. 6:14-cv-6101-SOH-BAB

KEVIN STARKEY, *et al*                                              DEFENDANTS

REPORT AND RECOMMENDATION

Plaintiff **Phillip Dewayne Stewart** filed this case *pro se* pursuant to 42 U.S.C. § 1983 on April 11, 2014.  ECF No. 2.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.  After careful consideration, the undersigned makes the following Report and Recommendation.

1. **Background:**

The Plaintiff filed an Amended Complaint on October 2, 2014.  ECF No. 12.  In his Amended Complaint Plaintiff alleges he was subjected to "wrongful" punishment by the Defendants while incarcerated.  *Id.*  The Court Ordered service on the Defendants on October 2, 2014. ECF No. 11.  The Defendants responded with a Motion to Dismiss on October 27, 2014.  ECF No. 18.  The Parties have been actively engaged in litigation since that time.

On March 18, 2015, Plaintiff filed his Motion to Dismiss (ECF No. 39) specifically stating, "To whom it may concern of the United States District Court. Plaintiff request that case no. 6:14-cv-6101-SOH-BAB would be dismissed without prejudice and that Plaintiff may refile at a later date if he so choses (sic)."  ECF No. 39.  Defendants have not responded to Plaintiff's Motion to

1

Dismiss.

**2. Applicable Law:**

The Federal Rules of Civil Procedure provide an avenue for parties to voluntarily dismiss claims without prejudice. Specifically, a Plaintiff "may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. . . ." Fed. R. Civ. P. 41(a)(i). Voluntary dismissal under Rule 41(a)(1) is without prejudice unless the notice states otherwise or the plaintiff has previously dismissed an action including the same claim in any other court. *Id.* In ordinary civil cases, a notice of dismissal that complies with this rule operates as a matter of right upon notice to the court, and permission of the court is not required. *Safeguard Business Sys., Inc. v. Hoeffel,* 907 F.2d 861, 863 (8th Cir.1990).

Further, pursuant to Rule 41(a)(2), in all other situations, as where the defendant has appeared, dismissal can only be accomplished with a court order. Such Dismissal shall be without prejudice unless the order of dismissal states otherwise.

**3. Discussion:**

In this matter, Plaintiff moves for dismissal, but only after the Defendants have appeared. Defendants have not objected to or responded to the Motion to Dismiss. Accordingly, I recommend Plaintiff's Motion to Dismiss (ECF No. 39) be granted and this matter be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).

**4. Conclusion:**

For the foregoing reasons, I recommend Plaintiff's Motion to Dismiss (ECF No. 39) be **GRANTED** and this case be **DISMISSED** without prejudice.

**The parties have fourteen (14) days from receipt of the Report and Recommendation**

in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

DATED this 23rd day of April 2015.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE